## BROOKS v. KEISTER.

1. **Judicial Sale**: REDEMPTION: MORTGAGE. F. executed a mortgage upon realty to secure certain notes. He afterward sold the land to S. subject to the mortgage, and contracted with B. to protect him from personal liability upon the notes. The land was sold under a judgment against S., and the purchaser, K., received a sheriff's deed therefor. The mortgage was afterward foreclosed and K. also became the assignee of the sheriff's certificate of sale thereunder. The land failing to sell for the whole of the mortgage debt, B. became liable for, and paid the remainder, and brought an action to be allowed to redeem the land from the foreclosure sale: *Held*, that K., being the owner of the land under the former execution sale, was alone entitled to redeem, and that his purchase of the certificate of sale was in effect a redemption. ROTHROCK, J., *dissenting*.

*Appeal from Tama District Court.*

SATURDAY, DECEMBER 16.

ACTION in equity. The case is presented to this court upon an agreed abstract containing the evidence, being mostly an agreed statement of the facts, and the decree of the District Court. No part of the proceedings is given. The decree granted the relief prayed for by plaintiff. Defendant appeals.

*Ebersole & Willett* and *Stivers & Leland*, for appellant.

*Struble & Goodrich*, for appellee.

BECK, J.—The facts of the case as disclosed by the abstract before us are as follows:

1. Foster executed to J. J. & D. N. Stevens four promissory notes which were secured upon 160 acres of land. Three

of these notes were transferred to defendant, and the other became the property of J. J. Stevens. Defendant brought an action of foreclosure on the three notes held by him and a decree was rendered thereon, upon which 120 acres of the land was sold, defendant becoming the purchaser and obtaining a sheriff's deed therefor. The judgment upon the three notes was satisfied by this sale.

2. The mortgage was foreclosed upon the remaining forty acres of land in an action by J. J. Stevens to enforce the security for the payment of the note held by him, and defendant became the assignee of the sheriff's certificate of sale from the purchaser of the forty acre tract under the decree. This land was not sold for enough to pay the amount found due on the note by the decree, $379 remaining unpaid. The sale was with redemption under the statute.

3. Prior to the foreclosure of the mortgage on both of these actions Foster had sold the land, executing therefor a warranty deed; the purchaser, Louisa J. Stevens, assumed and undertook to pay the debts secured by the mortgage but failed to make any payment thereon.

4. In order to protect himself against the liability which would arise against him upon the mortgage and notes in case the land should sell for less than the amount due thereon, Foster entered into a contract with plaintiff by which the latter, in consideration of $100, bound himself to protect and keep Foster harmless from any liability to pay the amount remaining due on the notes after the sale of the land upon the foreclosure of the mortgage. He agreed to bid at the sale of the land and "run it up" to the amount due upon the notes. Plaintiff attended the sale of the 120 acres of land upon the first foreclosure and "run it up" to an amount exceeding, in a small sum, the debt, interest and costs, but failed, in any manner, to perform his agreement as to the second sale, and the land was sold thereon for less than the amount of the decree.

5. Foster thereupon brought an action upon the contract against plaintiff and recovered judgment for and collected the amount of the decree in the last foreclosure remaining unsatisfied.

6. The time of redemption under the last named sale remaining unexpired, plaintiff tendered to defendant, the holder of the certificate, the amount due thereon with interest, and claimed an assignment thereof. He brings this action to enforce the assignment of the certificate and the execution to him of a sheriff's deed.

7. Of other facts which, in our opinion, may be considered in determining the rights of the parties, we think it necessary to mention only the following: After the purchase of the land by Louisa J. Stevens, in a chancery action it was made subject to a judgment against her husband and sold thereon. Defendant became the purchaser and received a sheriff's deed for the land. This was before plaintiff tendered the amount of the certificate and claimed its assignment to himself.

It is not claimed that plaintiff is, under the statute, entitled 1. JUDICIAL to redeem from the sale upon which the certificate sale: redemption : mort- to defendant was issued. The following quotation gage. from the the argument of his counsel presents the ground upon which his claim is based:

"We predicate Brooks' right to have the certificate in question assigned to him, on payment to Keister of the amount paid by him, upon the well recognized rule that where one person pays money for the benefit of another who is primarily bound for its payment, and who has received property for that purpose, equity will subrogate him to all the rights of the person for whose benefit such payment is made, and will transfer to him any property charged with the payment of such debt."

In support of this view of the case it is urged that if Louisa J. Stevens had purchased the land at sheriff's sale, plaintiff could have compelled her to assign to him the certificate, and as defendant acquired all the interest of the party named in the land, he holds it subject to the same equity which would have bound her had she purchased the land at sheriff's sale. But this position cannot be admitted. Had Louisa J. Stevens purchased the land at the sheriff's sale, plaintiff's right to enforce the assignment in that case, if it existed, would have been based upon the obligation resting upon her to pay

the debt.   But no such obligation rests upon defendant.   She was personally liable, under her covenant, to pay the mortgage debt.   The obligation of that covenant was never assumed by defendant, nor was it transferred to him by his acquisition of the land by his purchase at sheriff's sale, or the assignment of the certificate to him.   The second execution sale was made to one Stivers, who sold and assigned the certificate to the defendant.

At the time of the execution sale to Stivers of the forty acre tract in question, Keister was the owner of the equity of redemption.   He alone had the right to redeem from Stivers.   If plaintiff had purchased Stivers' certificate Keister would have had a right to redeem from plaintiff; this results from the fact that it was Keister's land that was sold.   When Keister bought Stivers' certificate he held a certificate of sale for his own land; he had essentially redeemed from Stivers, as he had a right to do.   But neither plaintiff, nor any one else, could redeem from Keister.   No one could redeem as owner because Keister was the owner.   No one could redeem as lien holder because there was no lien holder.   The only lien upon the property had been extinguished upon Keister acquiring the certificate of sale.   It was vain, therefore, for plaintiff to attempt to redeem, either in his own name or in Foster's, or in that of any other person.   Neither he nor any one, except Keister, sustained such relation to the property as conferred the right of redemption from the sale; this right Keister exercised in acquiring the certificate.   Besides, to hold that any one except Keister could redeem would be to confer on such an one the power to take from Keister what he had acquired by first purchasing the equity of redemption, and then by extinguishing the incumbrance.

It is our opinion that plaintiff was not entitled to the relief prayed for in his petition.   It ought, therefore, to be dismissed.

 REVERSED.


ROTHROCK, J., *dissenting.*—I cannot concur in the conclusion reached in the foregoing opinion.   The legal effect of the

contract between Brooks and Foster was to place the former in the position of the latter with reference to the mortgage debt. By taking Foster's place and standing between him and the defendant, Brooks had the same rights that Foster would have had if the contract between them had not been made. Brooks was not a party to either of the foreclosure proceedings, and his rights were not extinguished by the decree upon which the sale of the land he now seeks to redeem was made. Louisa J. Stevens being primarily liable to pay the debt, it being part of the consideration for her purchase of the land from Foster, there is no doubt in my mind that Brooks, by reason of his contract with Foster, had the right to redeem from the purchaser at the foreclosure sale. It is entirely immaterial whether this offer to redeem be in the name of Foster or under Foster, or in the name of Brooks. By assuming the obligation of Fostera nd paying the debt to him, or for him, his right to redeem in his own name was complete. Foster had no interest in the redemption. The plaintiff, when he tendered the amount necessary for an assignment of the certificate of sale, had satisfied all claim of Foster in the premises.

The fact that Keister, the party holding the certificate of purchase, had obtained the interest of Louisa J. Stevens in the land, with notice of her liability to pay the mortgage, did not render him personally liable to pay the debt, but such fact certainly would not operate to prefer the debt of her husband to that of the mortgage, or rather to the right of Foster or Brooks to subject the land to the payment of the mortgage.

No wrong would be done Keister by allowing Brooks to redeem. The effect would only be to postpone the lien of the debt of the husband of Louisa J. Stevens to the mortgage lien for the purchase money of the land, and it seems to me this would be equity.